**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4665**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THOMAS EARL TILLEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00130-WO-1)

Submitted:  July 21, 2016            Decided:  July 25, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant.  Caroline D. Ciraolo, Acting Assistant Attorney General, S. Robert Lyons, Gregory Victor Davis, Katie Bagley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Ripley Rand, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Earl Tilley pled guilty to interference with the administration of Internal Revenue laws by corrupt or forcible means, in violation of 26 U.S.C. § 7212(a) (2012) and 18 U.S.C. § 2 (2012). The district court sentenced him to 32 months' imprisonment. Tilley appeals his sentence, arguing that the district court plainly erred by assessing a criminal history point under U.S. Sentencing Guidelines Manual § 4A1.1(c) (2014), for his prior conviction of misdemeanor disorderly conduct for which he received a 30-day suspended sentence and 12 months of unsupervised probation. Finding no error, much less plain error, we affirm.

Tilley did not object at sentencing to the criminal history points assessed in the presentence report. Therefore, we review his claim for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). Under this standard, Tilley has the burden of showing: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001). When these conditions are satisfied, this court may exercise its discretion to notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (internal quotation marks omitted).

Section 4A1.2(c)(1) of the Sentencing Guidelines provides that certain misdemeanor offenses will be counted in computing a defendant's criminal history if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." The Guideline lists "[d]isorderly conduct" as one such countable offense. Id. The court looks to the term of imprisonment imposed—not the amount of time the defendant actually serves—in order to determine whether to assess criminal history points for a prior conviction. Id.; see USSG § 4A1.2 cmt. n.2 (2014) ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served.").

Here, Tilley was sentenced to thirty days' imprisonment on the disorderly conduct offense. Although this sentence was suspended, the Guidelines provide that a totally suspended sentence "shall be counted as a prior sentence under § 4A1.1(c)." USSG § 4A1.2(a)(3). Because the sentence imposed on Tilley for the disorderly conduct offense was "at least thirty days," the court properly assessed one criminal history point for this sentence. USSG § 4A1.2(c)(1)(A).

Accordingly, we find no error, much less plain error, in the district court's computation of Tilley's criminal history score and thus his Guidelines range. We therefore affirm Tilley's sentence. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED